(169 App. Div. 505)

## In re LICHTENBERG.

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

1. ATTORNEY AND CLIENT ⬤══45—DISBARMENT—GROUNDS.
    That an attorney, who was appointed receiver and subsequently trustee in bankruptcy proceedings, drew checks upon the money belonging to the bankrupt estate for his own personal use, was misconduct requiring disbarment, notwithstanding that he believed he could make good the deficit.
    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 63; Dec. Dig. ⬤══45.]

2. ATTORNEY AND CLIENT ⬤══42—DISBARMENT—GROUNDS.
    That an attorney, who was appointed receiver in bankruptcy proceedings, made a report to the judge of the United States District Court,

in which he falsely represented that he had a certain sum on hand as receiver, whereas he only had a small amount, was conduct justifying disbarment, notwithstanding the claim that respondent intended that the report should show merely the amount with which he was chargeable.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 54; Dec. Dig. ⨺12.]

3. ATTORNEY AND CLIENT ⨺44—DISBARMENT—GROUNDS.

That an attorney, who had collected a sum of money for his clients in a foreign country, held the amount collected for seven months, and failed to respond to numerous demands for an explanation, was conduct warranting disbarment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. ⨺44.]

Application for disbarment of Joseph Lichtenberg, heard upon report of the official referee. Respondent disbarred.

See, also, 165 App. Div. 978, 150 N. Y. Supp. 1093.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Einar Chrystie, of New York City (William H. Fain, of New York City, of counsel), for petitioner.

Joseph Lichtenberg, of New York City, pro se.

PER CURIAM. Two disciplinary proceedings have been instituted, one by the New York County Lawyers' Association, and one by the Association of the Bar of the City of New York. The same official referee was appointed in both proceedings, and his reports are now before us. Both proceedings can be conveniently considered and disposed of together.

[1] In the petition of the County Lawyers' Association it is charged that in or about December 17, 1912, the respondent was duly appointed as receiver in bankruptcy of the Rosebud Haberdashery, a bankrupt; that thereafter, as such receiver, he received divers sum of money, property of the estate of said bankrupt; and that between December 17, 1912, and July 11, 1913, he unlawfully appropriated to his own use $1,243.39 of the moneys of said estate. The facts as to this charge were proved by stipulation as follows: That the respondent was appointed receiver in bankruptcy as alleged, and collected from various sources, between December 17, 1912, and April 18, 1913, the sum of $2,434.78, of which he deposited to the credit of himself as receiver, in the Citizens' National Bank, the sum of $2,036.82. Between December 24, 1912, and June 8, 1913, he drew 13 different checks, in various amounts, against the amount thus deposited by him as receiver, for his personal uses, including living expenses. That some were drawn to his own order, and cashed by him at the bank, and some were drawn to the order of third persons, who cashed them and turned over the proceeds to respondent. Nine of these checks were drawn between December 24, 1912, and February 13, 1913, aggregating $890.

The respondent makes a lame and unsatisfactory explanation of his conduct in this regard. He says that from the time of his admission to the bar in March, 1910, down to some time in 1912, he was suc-

cessful in his practice and realized satisfactory results, but that he found himself too ready to loan moneys to friends, and too careless in keeping accounts and writing checks, so in 1912 he closed out his bank account, and from that time, as he received moneys, he gave them to personal friends to hold for him, with the understanding that when he needed money he would call for it. This remarkable story is corroborated to some extent by certain of his friends, but it is significant, as the referee remarks, that none of these corroborating witnesses were able to produce an actual and complete account between himself and the respondent. The latter now claims that, when he converted the funds of the bankrupt estate to his own use, he had more than the amount converted outstanding in the hands of the private depositaries. Ultimately, when he had been appointed trustee for the same bankrupt estate, he obtained money from some of his friends and made good the deficit.

[2] A second charge presented by the same association is to the effect that on April 18, 1913, the respondent, as receiver as aforesaid, verified a report to the judges of the United States District Court, in which he falsely represented that he had then on hand as such receiver a balance of $1,748.80 of the moneys of said bankrupt estate, whereas, in truth and in fact, he had then on hand as such receiver only the sum of $613.64, and that he made this false oath knowingly. The truth of this case as presented is admitted. It is also admitted that, although the report was verified on April 18, 1913, it was not filed until June 12, 1913, at which time the balance in bank to respondent's credit as receiver was only $53.39, and for that amount he had drawn a check to the order of his brother, Julius Lichtenberg, which check was cashed on or shortly after June 12, 1913. As an answer to this specification the respondent has no better reply than that his report was intended to show merely what he was chargeable with, and that there was then owing to him from other persons more than the amount which he claimed to have on hand.

Upon both these charges the official referee has found that the respondent has been guilty of gross professional misconduct.

[3] The charge preferred against respondent by the Association of the Bar is that in January, 1913, he, as attorney for May & Co., of Dusseldorf, Germany, collected the sum of $28.56 from Henry B. Singer, trustee in bankruptcy of C. C. Abel & Co., and in June, 1913, collected the further sum of $31.82 for the same clients from the same trustee. The respondent did not turn over to his client any part of the moneys so collected, but converted the whole thereof to his own use. During a period of about a year and a half a firm of attorneys in Germany, the German consul in the city of New York, and the attorney for said consul made frequent demands upon respondent that he remit the moneys so collected, but he neglected to do so. Respondent claims that on the day before the charges were served upon him he procured from a friend a check for the amount due and mailed it to his clients in Germany; but this statement is not corroborated, and is evidently discredited by the official referee. He also claims that in June, 1913, when the sum of $31.82 wɔ̃ received, he sent to his clients a check for that sum, as well as for the sum of $28.56 received

in January, 1913. This statement also lacks corroboration; but, even if accepted as true, the fact still remains that he held the amount collected for seven months, and acted in a most unprofessional manner in his failure to respond to the many demands made upon him for an explanation of his conduct.

The respondent submitted to the referee a long and very inconclusive statement, attributing his dereliction to his own careless and unbusinesslike methods. Upon this charge, also, the official referee finds the respondent guilty of unprofessional conduct. We entirely concur in the findings of the official referee, and are unable to find in the respondent's attempted explanation any palliation of his offenses.

He has shown himself quite unable to appreciate the obligations which he assumed towards other people's money. That he was guilty of conversion and of an attempt to deceive the court by the rendition of a false account stands admitted, as does his neglect of the duty which he owed his client for whom he had collected moneys. We are urged to view his dereliction with lenient eyes because of his youth and inexperience; but these do not excuse flat dishonesty. The respondent's extraordinary idea that conversion of trust funds is excused if the converter was or believed he was able, at will, to raise the amount necessary to replace the sums converted, argues as strongly as does the offenses with which he is charged, and of which he has been proven to be guilty, that he is an unfit person to remain a member of a profession in which scrupulous honesty is of prime importance.

The respondent is accordingly disbarred. Settle order on notice.